IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAY CHRIS MOBLEY,

      Plaintiff,

v.                                    CASE NO. 5:11-cv-172-RH-GRJ

LT BROCK, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, and seeks leave to proceed as a pauper. Docs. 1 & 2. At the time that the Complaint was filed, Plaintiff was an inmate in the Putnam County, Georgia, jail, but he has since been released.

      Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 7. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether any federal cases have been dismissed as frivolous, malicious, for failure to state a claim, or prior to service. In response to these questions, Plaintiff identified thirteen prior state and federal cases. Plaintiff responded "no" to the question whether he had ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service. *Id*. at 4.

A review of the Court's docket reflects that Plaintiff had in fact filed 34 cases in this District alone as of the date that the instant Complaint was filed, on June 6, 2011, including the cases that Plaintiff filed contemporaneously with this case.  Further, a review of the PACER Case Locator reflects that Plaintiff filed at least one prisoner civil rights case in the Northern District of Georgia prior to the instant case.  Plaintiff failed to disclose the existence of that case on the Complaint form.

Further, at least two of Plaintiff's prior cases were dismissals that qualify as "strikes" for purposes of 28 U.S.C § 1915(g).  *See Mobley v. Johnson,* Case. No. 3:07-cv-230, Doc. 11 (N.D. Fla. Sept. 5, 2007) (dismissing case for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii); *Mobley v. Bachelor*, Case No. 1:94-cv-1083 Doc. 2 (N.D. Ga. Aug. 4, 1994) (dismissing case as frivolous pursuant to 28 U.S.C § 1915(d)).  Plaintiff affirmatively denied the existence of these two dismissals in completing the Complaint form, in addition to failing to disclose that other cases were dismissed prior to service.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe all previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

court had the discretion to conclude that the plaintiff's explanation did not excuse his

misrepresentation because the complaint form "clearly asked Plaintiff to disclose

previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an

appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes"

provision, the information required on the form assists the Court in efficiently managing

prisoner litigation by showing whether a complaint is related to or is affected by another

case.  The failure to exercise candor in completing the form, while acknowledging that

the answers are made under penalty of perjury, impedes the Court in managing its

caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4;

*Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3,

2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little

or no disincentive for his attempt to evade or undermine the purpose of the form.

Furthermore, if word spread around the prisons that the questions on the complaint

form could be circumvented in such a manner, the court might be confronted with

widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-

151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the

statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Accordingly, in view of the fact that Plaintiff is an experienced *pro se* litigator who plainly understands the disclosure requirements of the Court's Complaint form, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for abuse of the judicial process.

**IN CHAMBERS**  this 29th day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.